IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, DC 20024,<br><br>          Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>and<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC 20520<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiff Judicial Watch, Inc. brings this action against Defendants Federal Bureau of Investigation and U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Judicial Watch, Inc. alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Judicial Watch, Inc. is a non-profit, educational organization incorporated under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 500, Washington, DC 20024.

4.     Defendant Federal Bureau of Investigation ("FBI") is an agency of the United States government. FBI has its principal place of business in the District of Columbia. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5.     Defendant Department of State ("DOS") is an agency of the United States government. DOS has its principal place of business in the District of Columbia. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.     On May 17, 2005, Plaintiff sent a FOIA request to Defendants and several other federal agencies, by facsimile and by certified U.S. mail, return receipt requested, seeking access to any and all records concerning or relating to the following subjects:

   a.   Records sufficient to identify the number of persons subject to "rendition" by or at the request of the United States Government.

   b.   Records sufficient to identify the countries to which or between which persons have been transferred, for purposes of "rendition," by or at the request of the United States Government.

   c.   Records identifying the legal authority by which the Unites States Government has engaged in the practice of "rendition."

   d.   Guidelines, rules, regulations, policies, or procedures governing or concerning the practice of "rendition" by the United States Government.

e. Records demonstrating efforts by the United States Government to ensure that persons subjected to "rendition" by the United States Government are treated humanely and are not mistreated or subject to torture while being detained and/or interrogated in foreign countries.

f. Complaints or allegations of mistreatment or torture by persons subject to "rendition" by the United States Government.

g. Documents sufficient to identify whether person(s) subject to "rendition" by the United States Government were subsequently charged with any crime(s).

h. Documents sufficient to identify whether person(s) subject to "rendition" by the United States Government were subsequently released without being charged with any crime(s).

7. Plaintiff's May 17, 2005 request also sought a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II), 5 U.S.C. § 552(a)(4)(A)(iii), and 5 C.F.R. § 16.11(k)(2)(i) - (iv).

### Defendant Federal Bureau of Investigation ("FBI")

8. On or about May 19, 2005, Plaintiff received an acknowledgment of receipt from David M. Hardy, the Section Chief of Defendant FBI's Record/Information Dissemination Section in the Records Management Division. The letter simply acknowledged receipt of the FOIA request and assigned the request a number. No other information was included in this communication.

9. Pursuant to 5 U.S.C. § 552(a)(6)(a)(i), Defendant FBI's substantive response to Plaintiff's May 17, 2005 request was due on or before June 15, 2005. On or before that date, Defendant FBI was required to determine whether to comply with the request and immediately notify Plaintiff of its determination, the reasons therefor, and the right to appeal any adverse determination.

10. Defendant FBI failed to produce records responsive to Plaintiff's May 17, 2005 request on or before June 15, 2005 or claim that such records are exempt from production under 5 U.S.C. § 552(b). It also failed to notify Plaintiff of any determination whether to comply the request, the reasons therefor, or the right to appeal any adverse determination. Defendant FBI also failed to invoke the provisions set forth in 5 U.S.C. § 552(a)(6)(B) for extending the time limits to respond to the May 17, 2005 request.

11. On or about September 20, 2005, Plaintiff sent a letter to Defendant FBI requesting an update on the status of its May 17, 2005. Defendant did not respond.

12. As of December 20, 2005, Plaintiff has received no response to its May 17, 2005. Nor has it received any determination whether Defendant FBI will comply the request, the reasons therefor, or the right to appeal any adverse determination.

13. Because Defendant FBI failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) or extend those time limit provisions pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its May 17, 2005 request pursuant to 5 U.S.C. § 552(a)(6)(c).

### Defendant U.S. Department of State ("DOS")

14. On or about May 24, 2005, Plaintiff received a letter from Richard C. Levine, of DOS' Requestor Communications Branch. The letter acknowledged receipt of the FOIA request and assigned the request a number. The letter also acknowledged Plaintiff's request for a fee waiver, but did not make a determination on the matter. No other information or time frames were included in this communication.

15. Pursuant to 5 U.S.C. § 552(a)(6)(a)(i), Defendant DOS' substantive response to Plaintiff's May 17, 2005 request was due on or before June 21, 2005. On or before that date, Defendant DOS was required to determine whether to comply with the request and immediately notify Plaintiff of its determination, the reasons therefor, and the right to appeal any adverse determination.

16. During an early June 2005 telephone conversation, Defendant DOS informed Plaintiff that it had identified approximately 800 responsive documents in a preliminary search. Defendant has not produced any of these 800 responsive documents to Plaintiff.

17. Defendant DOS failed to produce records responsive to Plaintiff's May 17, 2005 request on or before June 21, 2005 or claim that such records are exempt from production under 5 U.S.C. § 552(b). It also failed to notify Plaintiff of any determination whether to comply the request, the reasons therefor, or the right to appeal any adverse determination. Defendant DOS also failed to invoke the provisions set forth in 5 U.S.C. § 552(a)(6)(B) for extending the time limits to respond to the May 17, 2005 request.

18. As of December 20 2005, Plaintiff has received no response to its May 17, 2005 FOIA request. Nor has it received any determination whether Defendant DOS will comply the request, the reasons therefor, the right to appeal any adverse determination, or the determination of the fee waiver.

19. Because Defendant failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) or extend those time limit provisions pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its May 17, 2005 request pursuant to 5 U.S.C. § 552(a)(6)(c).

## COUNT 1
(Violation of FOIA)

20.     Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendants failures to comply with FOIA to be unlawful; (2) enjoin Defendants from continuing to withhold records responsive to Plaintiff's May 17, 2005 request; (3) order Defendants to produce all responsive records not subject to claims of exemption and a *Vaughn* index of withheld records by a date certain; (4) award Plaintiff attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant such other relief as the Court deems just and proper.

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes

Paul J. Orfanedes
D.C. Bar No. 429716
Meredith L. Di Liberto
D.C. Bar No. 487733
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff