IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> and <br><br> UNITED STATES DEPARTMENT OF STATE <br><br> Defendants. | No. 1:05cv02447 <br> Hon. Ellen Segal Huvelle |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**First Affirmative Defense**

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Second Affirmative Defense**

The Court lacks subject-matter jurisdiction over Plaintiffs request for relief to the extent that the request exceeds relief authorized by the FOIA.

**Third Affirmative Defense**

The Court lacks jurisdiction over Plaintiff's Complaint against the Federal Bureau of Investigation ("FBI") because the FBI has not improperly withheld any documents under the Freedom of Information Act, 5 U.S.C. § 552(a).

**Fourth Affirmative Defense**

The FBI is not a proper party defendant.

**Fifth Affirmative Defense**

Defendants FBI and Department of State ("DOS") answer Plaintiff's Complaint as follows. Defendants specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

1-2. These paragraphs contain Plaintiff's statement of jurisdiction and venue to which no response is required.

3. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph.

4. The first sentence is denied, except to admit that the FBI is a component of the Department of Justice. The second sentence is admitted. The third sentence states a conclusion of law to which no response is required.

5. The first two sentences are admitted. The third sentence states a conclusion of law to which no response is required.

6. Defendants admit that on or about May 17, 2005, Plaintiff sent Defendants a request for materials pursuant to the FOIA and that paragraph 6 of the Complaint accurately reproduces a portion of that communication.

7. Defendants admits that Plaintiff sought a waiver of search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). Defendants deny that Plaintiff referenced 5 C.F.R. § 16.11(k)(2)(i)-(iv).

8. Defendants are without sufficient information to admit or deny the allegations in this

paragraph.

9. The allegations in this paragraph state conclusions of law to which no response is required.

10. Admitted.

11. Admitted.

12. The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied, as FBI fully complied with Plaintiff's request subsequent to December 20, 2005.

13. The allegations in this paragraph state conclusions of law to which no response is required.

14. Defendants are without sufficient information to admit or deny the allegations in this paragraph. Defendants admit that DOS sent a letter to Plaintiff on or about May 24, 2005 and that this letter acknowledged Plaintiff's FOIA request, assigned it a case number, and acknowledged Plaintiff's request for a fee waiver. Defendants deny that no other information or time frames were included in this communication.

15. The allegations in this paragraph state conclusions of law to which no response is required.

16. Defendants admit that there was a telephone conversation between DOS and Plaintiff in or about 2005. Defendants deny Plaintiff's characterization as to the content of this conversation. Defendants deny that there were "800 responsive documents" identified, but admit that DOS has not produced responsive documents to Plaintiff.

17. Admitted.

18. Defendants admit that DOS has not produced responsive document to Plaintiff. Defendants deny that DOS has not responded to Plaintiff

19. The allegations in this paragraph state conclusions of law to which no response is required.

20. Defendant incorporates by reference its answers to paragraphs 1 through 19 as if fully set forth herein.

The remainder of the complaint constitutes a prayer for relief for which no answer is necessary. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any relief.

Defendant specifically denies each allegation of Plaintiff's complaint not otherwise answered.

Dated: February 6, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

_____/s/_____
ELIZABETH J. SHAPIRO
Assistant Branch Director
JEFFREY M. SMITH (Bar No. 467936)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., N.W., Room 6140
Washington, D.C. 20001
Tel: (202) 514-5751
Fax: (202) 616-8470

*Counsel for Defendants*